UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ERNEST LAMONT SAMPSON,

                    Petitioner,

-vs-                                       Case No.  8:04-cv-1123-T-24TBM

JAMES V. CROSBY, JR.,

                    Respondent.

_____/

## O R D E R

      This cause is before the Court on Petitioner Ernest Lamont Sampson (Sampson's) 28 U.S.C. § 2254 petition for writ of habeas corpus.  Sampson challenges his judgment and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida.

      On October 19, 1998,  Sampson was charged by Information with felony fleeing and eluding. (Ex. 1). A jury trial was held on February 16, 1999, before the Honorable Maynard F. Swanson, Circuit Judge. (Ex. 2).[1] The jury found Sampson guilty as charged. (Ex. 3). The state trial court sentenced Sampson to twelve years incarceration. (Ex. 4).

_____

      [1] Exhibit 2 contains a copy of the trial transcript.  Citations to the trial transcript will be designed by "Ex. 2" and page number.

A recitation of the procedural history of Sampson's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition.  (See Doc. No. 13, p. 3).

STANDARD OF REVIEW

Because Sampson filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003); Maharaj v. Sec'y of Dept. of Corrections, 304 F.3d 1345, 1346 (11th Cir. 2002).  The AEDPA "establishes a more deferential standard of review of state habeas judgments," Fugate v. Head, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see, Bell v. Cone, 2005 WL 123827 (U.S. Jan. 24, 2005) (habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).   AEDPA is relevant to a review of this Petition.

Pursuant to AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

-2-

28 U.S.C. § 2254(d); <u>Price v. Vincent</u>, 123 S.Ct. 1848, 1852-53 (2003); <u>Clark v. Crosby</u>, 335 F.3d 1303, 1308 (11th Cir. 2003); <u>Harrell v. Butterworth</u>, 251 F.3d 926, 930 (11th Cir. 2001).  "Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision.  <u>Lockyer v. Andrade</u>, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that  the state court's conclusion is contrary to clearly established governing federal law. <u>Mitchell v. Esparza</u>, 124 S.Ct. 7, 10 (2003); <u>Clark v. Crosby</u>, 335 F.3d at 1308-10; <u>Washington v. Crosby</u>, 324 F.3d 1263, 1265 (11th Cir. 2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent.  <u>Mitchell v. Esparza</u>, 124 S.Ct. at 10 (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000)).  <u>See</u> <u>also</u> <u>Price v. Vincent</u>, 123 S.Ct. at 1853; <u>Lockyer v. Andrade</u>, 538 U.S. at 75-77.  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent. <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell v. Esparza</u>, 124 S.Ct. at 10; <u>Parker v. Secy of Dept. of Corrections</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

-3-

A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti 537 U.S. 19, 25 (2002); Mitchell v. Esparza, 124 S.Ct. at 11-12; Price v. Vincent, 123 S.Ct. at 1853.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. See Holland v. Jackson, 124 S.Ct. 2736, 2737-2738 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); cf. Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91. The statutory presumption of

correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact.  Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

A petitioner who "failed to develop" the factual basis for a claim while in state court as a result of the petitioner's lack of diligence is barred from doing so in federal court (subject to the very narrow exceptions set out in § 2254(e)(2)).  Williams v. Taylor, 529 U.S. at 433-34.

<u>No Presumption that State Court Ignored Its Procedural Rules</u>

Finally, this Court cannot presume that a Florida court ignores its own procedural rules when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal.  Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. See Coleman, 501 U.S. 722, 735-36 (1991);  Kight  v. Singletary, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); Tower v. Phillips, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

Generally, claims alleging a violation of state law are not subject to review in federal habeas proceedings. Pulley v. Harris, 465 U.S. 37, 41 (1984); McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir.1992). To the extent that a federal question is raised in the federal habeas petition, the federal question was not exhausted in state court if the issue were raised only as a state law claim in state court. Anderson v. Harless, 459 U.S. 4, 6-8 (1982).

-5-

Finally, in the event constitutional error is found in a habeas proceeding, the relevant harmless error standard is set forth in <u>Brecht v. Abrahamson</u>, 507 U.S. 619 (1993). The test is "less onerous" then the harmless error standard enunciated in <u>Chapman v. California</u>, 386 U.S. 18 (1967). "The test is whether the error had substantial and injurious effect or influence in determining the jury's verdict. Under this standard, habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice.'" <u>Brecht</u>, 507 U.S. at 637. Although no constitutional error has occurred in Sampson's case, any possible error would clearly be harmless beyond any reasonable doubt based on the facts and the record herein.

## DISCUSSION

A review of the record demonstrates that, for the following reasons, Sampson's petition must be **DENIED**.

### Ground One

Sampson alleges that his trial counsel was ineffective for failing to move for a judgment of acquittal on the ground that the Information did not allege all of the essential elements of the offense of felony fleeing and eluding. This claim was raised as ground two in Sampson's first state Rule 3.850 post-conviction motion and as ground one in his second Rule 3.850 motion. The state trial court found that Sampson had failed to demonstrate deficient performance and prejudice, as required for an ineffective assistance claim. The result reached by the state trial court with respect to

-6-

this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

The clearly established federal law which applies to a claim of ineffective assistance of counsel is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Pursuant to <u>Strickland</u>, in order to prevail on such a claim, a petitioner must prove that: (1) his counsel's performance was deficient; and (2) he sustained prejudice as a result of the deficient performance. To show prejudice, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Strickland</u>, 466 U.S. at 694.  Sampson has shown no prejudice as the result of trial counsel's performance.

Section 316.1935(2), Florida Statutes (1997), the statute under which Sampson was charged, provided:

> Any person who, in the course of unlawfully fleeing or attempting to elude a law enforcement officer in an authorized law enforcement patrol vehicle with agency insignia and other jurisdictional markings prominently displayed on the vehicle with siren and lights activated pursuant to subsection (1), having knowledge of an order to stop by a duly authorized law enforcement officer, **causes the law enforcement officer to engage in a high-speed vehicle pursuit** . . . commits a felony of the third degree . . .

(Emphasis added). The Information charged that Sampson

> . . . did, after being directed to stop the vehicle which he was driving by a duly authorized police officer, willfully refuse or fail to stop such vehicle in compliance with such directive and/or having stopped in knowing compliance with such directive, **did willfully flee at a high rate of speed in an attempt to elude such officer**; contrary to chapter 316.1935, Florida Statutes . . .

(Emphasis added). (See Ex. 1)

-7-

Sampson argues that the Information was defective because it did not allege that Sampson "caused a law enforcement officer to engage in a high-speed vehicle pursuit." Sampson can show no prejudice resulting from any defect in the charging document. The Information was titled "AGGRAVATED FLEEING AND ELUDING, 3°F". Prior to trial, defense counsel objected to the Information, contending that the facts alleged in the body of the Information equated to a felony fleeing and eluding, not aggravated fleeing and eluding. (Ex. 2, p. 4). The state trial court then allowed the State to amend the title of the Information to "FELONY FLEEING AND ELUDING." (Ex. 2, p. 5). Sampson cannot show that the state trial court would not have also permitted amendment of the body of the Information to allege that Sampson's conduct caused the law enforcement officer to engage in a high-speed vehicle pursuit.  Florida Rule of Criminal Procedure 3.140(o) provides:

> **(o) Defects and Variances.** No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

In the present case, the Information was not so vague, indistinct, and indefinite as to mislead Sampson or embarrass him in the preparation of a defense and did not expose him to substantial danger of a second prosecution for the same offense. Thus, had defense counsel objected, the state trial court would have been required to permit

-8-

amendment of the Information rather than dismiss the charges. Therefore, Sampson can show no prejudice.

Moreover, the Information was not so defective as to deprive Sampson of any federal constitutional right. The statute requires that a defendant cause a law enforcement officer to engage in a high-speed vehicle pursuit. The Information alleged that Sampson fled from the officer at a high rate of speed. It should be presumed that when a defendant flees from an officer at a high rate of speed, the officer will pursue at a high rate of speed. Therefore, the Information alleged sufficient facts to meet constitutional requirements. See Hagner v. United States, 285 U.S. 427, 431 (1932) (indictment alleging that a letter was deposited in a post office with directions to deliver to a particular address was not fatally defective for failing to allege delivery because delivery could be presumed from the facts which were alleged) (citing Ball v. United States, 140 U.S. 118, 133, 136 (1891)(failure to allege that death occurred within a year and a day after assault not fatal to murder indictment where the indictment was found within a year after the assault).

Finally, Sampson's argument that counsel should have moved for a judgment of acquittal at the close of the evidence based on a defect in the Information is without merit. Florida Rule of Criminal Procedure 3.190 states in pertinent part:

> **(b) Motion to Dismiss; Grounds.**  All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.

**(c) Time for Moving to Dismiss.**  Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or at arraignment.

Thus, had counsel desired to challenge the Information, he was required to do so prior to trial. A motion for judgment of acquittal is designed to challenge the sufficiency of the evidence and is not appropriate for challenging the sufficiency of the charging document. Sampson's only claim of prejudice is that a motion for judgment of acquittal would have been granted. He is unable to establish this fact and unable to demonstrate prejudice.

Ground one does not warrant habeas corpus relief.

Ground Two

Sampson alleges that his appellate counsel was ineffective for failing to argue that the state trial court improperly instructed the jury by adding elements not charged in the Information. Sampson never presented this argument to the state courts and is now procedurally barred from doing so. Therefore, he must show cause and prejudice in order to be entitled to raise the issue here. He has not even attempted to do so.

Moreover, Sampson cannot demonstrate ineffective assistance of appellate counsel because he can show no deficient performance on the part of appellate counsel. Trial counsel never objected to the instruction given and, in fact, requested the instruction. Thus, the issue was not preserved for appeal and appellate counsel was not deficient in not raising the issue.

During the charge conference, defense counsel requested that the jury instruction for felony fleeing and eluding read  that the State was required to prove that

-10-

Sampson was ordered to stop by law enforcement officers in a vehicle with agency insignia and other jurisdictional markings prominently displayed, and sirens and lights activated; that he had actual knowledge of the order to stop; and that he then caused the officers to engage in a high speed pursuit.  (Ex. 2, p. 141). The state trial court agreed and included these elements in the jury instruction. (Ex. 2, pp. 142, 169). After instructing the jury, the state court trial judge asked if there were any objections. Both the prosecutor and defense counsel responded in the negative. (Ex. 2, p. 178). Because the jury was instructed as requested by the defense, appellate counsel was not ineffective for failing to argue on appeal that the instruction was improper. Sampson has shown no deficient performance on the part of appellate counsel.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Sampson's petition for writ of habeas corpus is denied, with prejudice.  The Clerk is directed to enter judgment against Sampson and to close this case.

ORDERED at Tampa, Florida, on October 17, 2005.

SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Ernest Lamont Sampson